WIENNER v. GLEASON.

1. VENDOR AND PURCHASER—DEFAULT—COMPUTATION OF AMOUNT DUE.

   In a suit by the vendees to restrain the forfeiture of a land contract and the prosecution of summary proceedings for possession of the premises, where plaintiffs were in default in the payment of the taxes and also two $5,000 payments on the principal, and it appears that defendant agreed to defer the payment of the first $5,000 if plaintiffs paid the taxes, which they paid only in part, the court below, in computing the amount due, properly charged plaintiffs with the unpaid part of the taxes and also with the two $5,000 installments.

2. SAME—DECREE MODIFIED AS TO AMOUNTS FALLING DUE AFTER ITS RENDITION.

   In view of concessions by defendant's counsel in his argument before this court, the decree of the court below is modified in respect to the payments falling due subsequent to the rendition of the decree, and for the same reason one item of interest is also deducted.

Appeal from Wayne; Lamb (Fred S.), J., presiding. Submitted April 24, 1924.   (Docket No. 139.)   Decided May 8, 1924.

Bill by Harris W. Wienner and another against Frederick D. Gleason to restrain the forfeiture of a land contract and the prosecution of summary proceedings for the possession of the premises.   Defendant filed a cross-bill for the foreclosure of said contract. From the decree rendered, plaintiffs appeal.   Modified and affirmed.

*Joseph B. Beckenstein* (*Maurice Sugar*, of counsel), for plaintiffs.

*Rhodes, Garvett & Frankel* (*William Van Dyke*, of counsel), for defendant.

McDONALD, J.    This bill was filed to restrain the forfeiture of a land contract and the prosecution of summary proceedings for possession of the premises. It alleges the purchase from the defendant of an apartment building in the city of Detroit on April 15, 1920.    The purchase price was $315,000, of which $30,000 was paid on the execution of the contract and the balance was to be paid in monthly installments of $2,000 each with additional payments of $5,000 on April 15, 1922, and a like amount on April 15, 1923. The plaintiffs were to pay the insurance and the taxes, including those for 1920, within 40 days after they became due.    They were unable to pay the city taxes for 1920, which amounted to $4,543.12.    They talked the matter over with the defendant and an oral agreement was made some of the terms of which are here in dispute.    The plaintiffs say that it was agreed that they were to pay the 1920 city taxes on or before May 31, 1922, and that the defendant should defer the two $5,000 payments until the maturity of the contract.    The defendant denies this agreement except as to deferring the payment of the $5,000 due April 15, 1922.    In August, 1922, with the consent of the plaintiffs, the defendant mortgaged the property to secure a loan of $122,000.    Shortly thereafter he declared a forfeiture of the contract and began summary proceedings to regain possession.    Thereupon the plaintiffs commenced this action.    The defendant filed an answer and cross-bill in which he asked for a foreclosure of the contract, alleging that the plaintiffs were then in default on their payments to the extent of $32,106.22.    By the terms of the contract it was to mature on the 15th of April, 1930.    The circuit judge entered a decree providing for the payment by the plaintiffs of $44,398.43 within 60 days, in default of which the property was to be sold.    In addition to the amount which the court found to be due at the time of the hearing, the decree contained a pro-

vision for the payment of such other additional sums as should become due on the principal, interest, taxes and insurance, from and after the date of the decree and up to and including the date of payment, and if payment was not made then up to and including the date of the sale.    From the decree entered, the plaintiffs appeal.

It is first urged that the court erred in providing in its decree for the payment of the 1920 city taxes and of the $5,000 installment due on April 15, 1923.    It is admitted by the defendant that he agreed to defer the payment of the first installment of $5,000 until the maturity of the contract, if the plaintiffs paid the city taxes for 1920.    To assist them in paying these taxes it was arranged that the plaintiffs should give their note to the defendant for $4,543.12.    This was done, but neither of the parties had sufficient credit at that time to secure any money on the note.    It was then arranged that a new note for $5,600 should be given to one E. W. Ross, which note included, in addition to the amount necessary for the payment of the taxes, the sum of $1,056.88 as a bonus to Ross.    On this note plaintiffs have paid $2,313.02.    No money from Ross came into the hands of the plaintiffs.    The note was discounted at the bank and defendant paid the city taxes for 1920.    To secure its payment the plaintiffs deposited their land contract with Ross.    In determining the amount to be paid by the plaintiffs the circuit judge eliminated the bonus and treated the note as if it had not been given.    To protect the plaintiffs against any liability thereon, he directed that the note and contract should be deposited with the clerk of the court.    This was done.    He credited the plaintiffs with the amount paid on the note and charged them with the unpaid balance on the 1920 city taxes. On the theory that they had not paid the taxes, as agreed, he charged them with the payment of the two

$5,000 installments. In this we think the court reached a correct and equitable conclusion.

Under the circumstances and in view of the concessions made by counsel for the defendant in his oral argument before this court, we do not discuss the plaintiffs' claim that the circuit judge erroneously provided for the payment of the various amounts falling due subsequent to the rendition of the decree. In respect to these amounts the decree will be modified. For the same reason there will be deducted an interest item of $363 from the amount which the plaintiffs are required to pay.

A decree will be entered in accordance with this opinion requiring the plaintiffs to pay on or before 30 days, the sum of $44,035.43 with interest at 7 per cent. from May 28, 1923, to the time of payment. In default of such payment the property will be sold as provided in the decree of the lower court.

The record presents no other questions which merit discussion.

As modified, the decree of the circuit court is affirmed, without costs to either party.

CLARK, C. J., and BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.